**Karen M. Stevens**
Attorney at Law
California Bar No. 110009
185 W. "F" Street
San Diego, California 92101
Telephone No. (619) 239-8553
Facsimile No. (619) 239-0056

Attorney for Defendant:
**GERARDO SALTO-ROCHA**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**(HON. BARRY TED MOSKOWITZ)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 08CR2430-BTM |
| | ) | |
| Plaintiff, | ) | Date: August 29, 2008 |
| | ) | Time: 1:30 p.m. |
| vs. | ) | |
| | ) | STATEMENT OF FACTS AND |
| GERARDO SALTO-ROCHA, | ) | MEMORANDUM OF POINTS AND |
| | ) | AUTHORITIES IN SUPPORT OF |
| Defendant. | ) | DEFENDANT'S MOTIONS |
| | ) | |

**I**

**STATEMENT OF FACTS**

The following statement of facts is based upon the reports of investigation, and other discovery received by counsel to date. Defense counsel anticipates the receipt of additional discovery, sometime before, or at the hearing of the instant motions. As further discovery is received, the evidence presented at the hearing of said motion may be subject to enlargement and/or contradiction. Also, counsel hereby requests leave to file further motions, as may be necessitated by the newly-received discovery.

//

//

Mr. Salto-Rocha is charged in SEVEN (7) counts of an eight-count indictment , with: Brining in Illegal Aliens Resulting in Death (Count 1); Bringing in Illegal Aliens for Financial Gain (Counts 3,5,& 7); Bringing in Illegal Aliens (counts 2,4, & 6), and Aiding and Abetting (Counts 3,5. & 7), in violation of Title 8, U.S.C., Sections 1324 , and Title 18 U.S.C., Sec. 2.

Mr. Salto-Rocha allegedly acted as a foot guide for a group of illegal aliens, who entered the United States on or about July 7, 2008, from an area approximately 17 miles east of Tecate, Mexico, and proceeded north through an area commonly known as the “Charrizo Wash”. During the next two-and-one half days of foot travel through this treacherous terrain, the group ran out of water. When they finally did come upon water containers, they were all empty.

One member of the group, Lidio Rocha-Diaz, (who is defendant Salto-Rocha’s uncle), succumbed to the elements and lack of water, and perished. Autopsy results are still pending. The remaining members of the group were rescued by Border Patrol. Of the original group of six who entered on July 7, at approximately 3:00 p.m., former material witness Jose Hernandez-Rivas is currently charged as defendant #2 in this indictment; he is charged only with being a Deported Alien Found in the United States. The other three named material witnesses are in custody.

There is also one “percipient witness”, who was named as a material witness in the original complaint in this case. That witness– Moises Ramirez-Valdez– is currently named as a material witness in United States v. Odilon Cira-Ramirez, case # 08cr2429-WQH.

## II

## MOTION FOR DISCOVERY

Mr. Salto-Rocha moves for the production by the government of the following items. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies". [See, e.g., United States v. Bryan, 868 F.2d 1032 (9th Cir.), cert. denied, 493 U.S. 858 (1989)]:

(1) **The Defendant's Statements** Under Fed. R. Crim. P. 16 (a)(1)(A) the defendant is entitled to disclosure of all copies of any written or **recorded statements** made by the defendant;

the substance of any statements made by the defendant which the government intends to offer in evidence at trial; any recorded testimony of the defendant before the grand jury; any response by the defendant to interrogation; the substance of any oral statements which the government intends to introduce at trial, and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; any response to any Miranda warnings which may have been given to the defendant (see United States v. McElroy, 697 F.2d 459 (2d Cir. 1982)); and any other statements by the defendant that are discoverable under Fed. R. Crim. P. 16(a)(1)(A). The Advisory Committee Notes as well as the 1991 amendments to Rule 16 make it clear that the Government must reveal all the defendant's statements, whether oral or written regardless of whether the Government intends to introduce those statements;

(2) **Arrest Reports, Notes and Dispatch Tapes**: The defendant also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced in their entirety, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963). See also, Loux v. United States, 389 F.2d 911 (9th Cir.), cert. denied, 393 U.S. 867 (1968). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(i);

(3) **Reports of Scientific Tests or Examinations:** Pursuant to Fed. R. Crim. P. 16(D), Mr. SALTO-ROCHA requests the reports of all tests and examinations conducted upon the evidence in this case, including but not limited to any physical evidence in the possession of any agency of the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

In the instant case, counsel believes the government has aerial photographs, terrain reports, and other topographical information relating to the aforementioned "Carrizo wash" trail.

Counsel submits the treacherous conditions of this area may well become an important issue

in this case, particularly as it may relate to this defendant's relative culpability.

Alternatively, counsel hereby requests this Honorable Court to authorize the expenditure of C.J.A. funds, in order to allow defense counsel to employ such experts to provide the same aerial photographs, topological, and other geographical information as that which has already been collected by border patrol, and/or other government agencies.

(4) **Brady Material:** The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Impeachment as well as exculpatory evidence falls within Brady's definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976);

(5) **Any Information that May Result in a Lower Sentence Under the Guidelines:** Pursuant to Brady v. Maryland, 373 U.S. 83 (1963), this request would also include any attempted co-operation by defendant.

(6 ) **The Defendant's Prior Record** : Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(B);

(7) **Any Proposed 404(b) Evidence** : Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. The defendant requests that such notice be given three weeks before trial in order to give the defense time to adequately investigate and prepare for trial;

(8) **Evidence seized:** Evidence seized as a result of any search, conducted either with or without a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(C);

(9) **Request for Preservation of Evidence** The defendant specifically requests that all dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved. This request includes, but is not limited to, any samples used to run any scientific tests, and any evidence seized from any third party. It is requested

that the government be ordered to question all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist, to inform those parties to preserve any such evidence;

(10) **Tangible Objects**: The defendant requests, under Fed. R. Crim. P. 16(a)(2)(C), the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, or photographs, which are material to the defense or intended for use in the government's case-in-chief, or were obtained from or belong to the defendant;

(11) **Evidence of Bias or Motive to Lie**: The defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. Pennsylvania v. Ritchie, 480 U.S. 39 (1987); United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988), cert. denied, 489 U.S. 1032 (1989).

(12) **Impeachment Evidence:** The defendant requests any evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable to the defendant. See Fed. R. Evid. 608, 609 and 613. Such evidence is discoverable under Brady v. Maryland, 373 U.S. 83 (1963). See United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); Thomas v. United States, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility).

(13) **Evidence of Criminal Investigation of Any Government Witness**: The defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425 (2d Cir.), cert. denied, 474 U.S. 945 (1985).

(14) **Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling**: The defense requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980).

(15) **Witness Addresses**: The defendant requests the name and last known address of each prospective government witness. See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses), cert. denied, 444 U.S. 1034 (1980). The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness. United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984);

(16) **Name of Witnesses Favorable to the Defendant:** The defendant requests the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir.), cert. denied, 439 U.S. 883 (1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980);

(17) **Statements Relevant to the Defense:** The defendant requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert. United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982);

(18) **Jencks Act Material:** The defense requests all material to which defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial. In United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act. The defense requests pre-trial production of Jencks material to expedite cross-examination and to avoid lengthy recesses during trial;

(19) **Giglio Information**: Pursuant to Giglio v. United States, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for impeachment purposes.

Any argument that evidence, such as polygraph results, is inadmissible only buttresses the

argument that it is discoverable for purposes of fairly gauging the effect of such methods. The same requirement of disclosure, of course, would be true if the Government knew a witness was using narcotic drugs at the time of the relevant events, or during trial; see, e.g., Wilson v. United States, 232 U.S. 563, 568 (1914). Impeachment comes in many forms and to the extent that the Government recognizes it, it should not be suppressed.

(20) **Production of Informants**: In addition, the government has an obligation to produce its informants, or show that, despite reasonable efforts, it was not able to do so. United States v. Hart, 546 F.2d 798, 799 (9th Cir. 1976) (en banc). See also, Velarde-Villa Real v. United States, 354 F.2d 9 (9th Cir. 1965).

## III

## LEAVE TO FILE FURTHER MOTIONS

MR. GERARDO SALTO-ROCHA requests the Court grant him leave to file further motions after he has the benefit of receiving, and opportunity to review further discovery.

.

## IV

## CONCLUSION

For the foregoing reasons, MR. GERARDO SALTO-ROCHA respectfully requests this Court issue an Order, granting the aforementioned motions, and for leave to file further motions, as additional discovery is made available to defense counsel.

Dated: 8/15/08 Respectfully submitted,

S/ Karen M. Stevens