KAREN P. HEWITT
United States Attorney
PETER J. MAZZA
Assistant United States Attorney
California Bar No. 239918
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7034

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GERARDO SALTO-ROCHA (1),<br><br>Defendant. | Case No. 08CR2430-BTM<br><br>DATE: August 29, 2008<br>TIME: 1:30 p.m.<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR DISCOVERY AND PRESERVE EVIDENCE<br><br>TOGETHER WITH A STATEMENT OF FACTS AND A MEMORANDUM OF POINTS AND AUTHORITIES |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Peter J. Mazza, Assistant United States Attorney, and hereby files its response to the motion to compel discovery and to preserve evidence filed by Defendant Gerardo Salto-Rocha (“Defendant”). Said response is based upon the files and records of this case, together with the attached statement of facts and accompanying memorandum of points and authorities.

//

//

//

**I**

**STATEMENT OF THE CASE**

**A. THE CHARGE**

On July 23, 2008, a grand jury sitting in the Southern District of California charged Defendant with seven counts in an eight-count indictment for violations of: bringing in illegal aliens resulting in death, in violation of 8 U.S.C. § 1324(a)(1)(A)(i) and (a)(1)(B)(iv); bringing in illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(i); and bringing in illegal aliens for financial gain, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii), and aiding and abetting, in violation of 18 U.S.C. § 2.

**B. STATUS OF DISCOVERY**

To date, the Government produced approximately 253 pages of written discovery and one dvd to Defendant. The materials produced constitute all discoverable material that the Government, and includes, inter alia: (1) investigative reports; (2) Defendant's criminal history; (3) photographs taken throughout the investigation; and (4) post-arrest statements of Defendant and the material witness involved in the case.

**II**

**STATEMENT OF FACTS**

In Defendant's motion addressed herein, Defendant does not raise any factual issues. Therefore, the Government relies upon the reports provided to counsel in discovery to provide a factual basis for this response and opposition.

**III**

**POINTS AND AUTHORITIES**

**A. DISCOVERY**

In an attempt at simplification, this memorandum will address two specific areas of discovery: (1) items which the Government either has provided or will voluntarily provide; and (2) items demanded and discussed by Defendant which go beyond the strictures of Rule 16 and are not discoverable.

**1. Items Which The Government Has Already Provided Or Will Voluntarily Provide**

a. The Government will disclose to Defendant and make available for inspection, copying or photographing: any relevant written or recorded statements made by Defendant, or copies thereof, within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government; and that portion of any written record containing the substance of any relevant oral statement made by Defendant whether before or after arrest in response to interrogation by any person then known to Defendant to be a Government agent. The Government will also to Defendant the substance of any other relevant oral statement made by Defendant whether before or after arrest in response to interrogation by any person then known by Defendant to be a Government agent if the Government intends to use that statement at trial.

b. The Government will permit Defendant to inspect and copy or photograph books, papers, documents,

photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the Government, and which are material to the preparation of Defendant's defense or are intended for use by the Government as evidence during its case-in-chief at trial, or were obtained from or belong to Defendant;[1/]

c. The Government will permit Defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are in the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government, and which are material to the preparation of his defense or are intended for use by the Government as evidence during its case-in-chief at trial;[2/]

d. The Government has furnished to Defendant a copy of his prior criminal record, which is within its possession, custody or control, the existence of which is known, or by the

---

1/ Rule 16(a)(1)(C) authorizes defendants to examine only those Government documents material to the preparation of their defense against the Government's case-in-chief. United States v. Armstrong, 116 S. Ct. 1480 (1996). Further, Rule 16 does not require the disclosure by the prosecution of evidence it intends to use in rebuttal. United States v. Givens, 767 F.2d 574 (9th Cir. 1984), cert. denied, 474 U.S. 953 (1985).

2/ The Government does not have "to disclose every single piece of paper that is generated internally in conjunction with scientific tests." United States v. Iglesias, 881 F.2d 1519 (9th Cir. 1989), cert. denied, 493 U.S. 1088 (1990).

exercise of due diligence may become known to the attorney for the Government;

e. The Government will disclose the terms of all agreements (or any other inducements) with cooperating witnesses, if any are entered into;

f. The Government may disclose the statements of witnesses to be called in its case-in-chief when its trial memorandum is filed;[3/]

g. The Government will disclose any record of prior criminal convictions that could be used to impeach a Government witness prior to any such witness' testimony;

h. The Government will disclose in advance of trial the general nature of other crimes, wrongs, or acts of

---

3/ Production of these statements is governed by the Jencks Act and need occur only after the witness testifies on direct examination. United States v. Mills, 641 F.2d 785, 789-790 (9th Cir.), cert. denied, 454 U.S. 902 (1981); United States v. Dreitzler, 577 F.2d 539, 553 (9th Cir. 1978), cert. denied, 440 U.S. 921 (1979); United States v. Walk, 533 F.2d 417, 418-419 (9th Cir. 1975). For Jencks Act purposes, the Government has no obligation to provide the defense with statements in the possession of a state agency. United States v. Durham, 941 F.2d 858 (9th Cir. 1991). Prior trial testimony does not fall within the scope of the Jencks Act. United States v. Isigro, 974 F.2d 1091, 1095 (9th Cir. 1992). Further, an agent's recorded radio transmissions made during surveillance are not discoverable under the Jencks Act. United States v. Bobadilla-Lopez, 954 F.2d 519 (9th Cir. 1992). The Government will provide the grand jury transcripts of witnesses who have testified before the grand jury if said testimony relates to the subject matter of their trial testimony. Finally, the Government reserves the right to withhold the statement of any particular witness it deems necessary until after the witness testifies.

Defendant that it intends to introduce at trial pursuant to Rule 404(b) of the Federal Rules of Evidence;

i. The Government acknowledges and recognizes its continuing obligation to disclose exculpatory evidence and discovery as required by Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), Jencks and Rules 12 and 16 of the Federal Rules of Criminal Procedure, and will abide by their dictates.[4/]

**2. Items Which Go Beyond The Strictures Of Rule 16**

**a. The Requests By The Defendants For Specific Brady Information Or General Rule 16 Discovery Should Be Denied**

Defendant requests that the Government disclose all evidence favorable to him, which tends to exculpate him, or which may be relevant to any possible defense or contention they might assert.

It is well-settled that prior to trial, the Government must provide a defendant in a criminal case with evidence that is both favorable to the accused and material to guilt or punishment. Pennsylvania v. Richie, 480 U.S. 39, 57 (1987); United States v. Agurs, 427 U.S. 97 (1976); Brady v. Maryland, 373 U.S. 83, 87

[4/] Brady v. Maryland requires the Government to produce all evidence that is material to either guilt or punishment. Brady v. Maryland, 373 U.S. 83 (1963). The Government's failure to provide the information required by Brady is constitutional error only if the information is material, that is, only if there is a reasonable probability that the result of the proceeding would have been different had the information been disclosed. Kyles v. Whitley, 115 S. Ct. 1555 (1995). However, neither Brady nor Rule 16 require the Government to disclose inculpatory information to the defense. United States v. Arias-Villanueva, 998 F.2d 1491 (9th Cir. 1993).

(1963). As the Court explained in United States v. Agurs, 427 U.S. 97, 104 (1976), "a fair analysis of the holding in Brady indicates that implicit in the requirement of materiality is a concern that the suppressed evidence may have affected the outcome of the trial." Thus, under Brady, "evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Bagley, 473 U.S. 667, 682 (1985) (emphasis added). A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. Pennsylvania v. Richie, 480 U.S. at 57 (quoting United States v. Bagley, 473 U.S. at 682).

The Supreme Court has repeatedly held that the Brady rule is not a rule of discovery; rather, it is a rule of fairness and is based upon the requirement of due process. United States v. Bagley, 473 U.S. at 675, n. 6; Weatherford v. Bursey, 429 U.S. at 559; United States v. Agurs, 427 U.S. at 108. The Supreme Court's analysis of the limited scope and purpose of the Brady rule, as set forth in the Bagley opinion, is worth quoting at length:

> Its purpose is not to displace the adversary system as the primary means by which truth is uncovered, but to ensure that a miscarriage of justice does not occur. [footnote omitted]. Thus, the prosecutor is not required to deliver his entire file to defense counsel,[5] but only to disclose evidence

---

[5] See United States v. Agurs, 427 U.S. 97, 106 (1976); Moore v. Illinois, 408 U.S. 786, 795 (1972). See also California v. Trombetta, 467 U.S. 479, 488, n. 8 (1984). An interpretation of Brady to create a broad, constitutionally required right of discovery "would entirely alter the character and balance of our
(continued...)

> favorable to the accused that, if suppressed, would deprive the defendant of a fair trial: "For unless the omission deprived the defendant of a fair trial, there was no constitutional violation requiring that the verdict be set aside; and **absent a constitutional violation, there was no breach of the prosecutor's constitutional duty to disclose . . . but to reiterate a critical point, the prosecutor will not have violated his constitutional duty of disclosure unless his omission is of sufficient significance to result in the denial of the defendant's right to a fair trial."**

United States v. Bagley, 473 U.S. at 675 (quoting United States v. Agurs, 427 U.S. at 108) (emphasis added); see also Pennsylvania v. Richie, 480 U.S. at 59 ("A defendant's right to discover exculpatory evidence does not include the unsupervised authority to search through the Commonwealth's files."). Accordingly, the Government in this case will comply with the Brady mandate but rejects any affirmative duty to create or seek out evidence for the defense.

**b. Defendants' Motion For Disclosure Of Witness Information Should Be Denied Except As Is Agreed To By The Government**

Defendant seeks numerous records and information pertaining to potential Government witnesses. Regarding these individuals, the Government will provide Defendant with the following items prior to any such individual's trial testimony:

---

[5](...continued) present system of criminal justice." Giles v. Maryland, 386 U.S. 66, 117 (1967) (Harlan, J., dissenting). Furthermore, a rule that the prosecutor commits error by any failure to disclose evidence favorable to the accused, no matter how insignificant, would impose an impossible burden on the prosecutor and would undermine the interest in the finality of judgements.

(1) The terms of all agreements (or any other inducements) it has made with cooperating witnesses, if they are entered into;

(2) All relevant exculpatory evidence concerning the credibility or bias of Government witnesses as mandated by law; and,

(3) Any record of prior criminal convictions that could be used to impeach a Government witness.

The Government opposes disclosure of rap sheet information of any Government witness prior to trial because of the prohibition contained in the Jencks Act. See United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976), cert. denied, 429 U.S. 1074 (1977). Furthermore, any uncharged prior misconduct attributable to Government witnesses, all promises made to and consideration given to witnesses by the Government, and all threats of prosecution made to witnesses by the Government will be disclosed if required by the doctrine of Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 450 U.S. 150 (1972).

**c. The Rough Notes Of Our Agents**

Although the Government has no objection to the preservation of agents' handwritten notes, we object to their production at this time. Further, the Government objects to any pretrial hearing concerning the production of rough notes. If during any evidentiary proceeding, certain rough notes become relevant, these notes will be made available.

Prior production of these notes is not necessary because they are not "statements" within the meaning of the Jencks Act unless they comprise both a substantially verbatim narrative of a witness' assertions and they have been approved or adopted by the witness. United States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980); see also United States v. Kaiser, 660 F.2d 724, 731-32 (9th Cir. 1981); United States v. Griffin, 659 F.2d 932, 936-38 (9th Cir. 1981).

**d. Government Reports, Summaries, And Memoranda**

Rule 16, in pertinent part, provides:

> [T]his rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by the attorney for the government or other government agent in connection with the investigating or prosecuting of the case.

Rule 16(a)(2); see also United States v. Sklaroff, 323 F. Supp. 296, 309 (S.D. Fla. 1971), and cases cited therein (emphasis added); United States v. Garrison, 348 F. Supp. 1112, 1127-28 (E.D. La. 1972).

The Government, as expressed previously, recognizes and embraces its obligations pursuant to Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 450 U.S. 150 (1972), Rule 16, and the Jencks Act.[6/] We shall not, however, turn over internal memoranda or reports which are properly regarded as work product

---

6/ Summaries of witness interviews conducted by Government agents (DEA 6, FBI 302) are not Jencks Act statements. United States v. Claiborne, 765 F.2d 784, 801 (9th Cir. 1985). The production of witness interview is addressed in more detail below.

exempted from pretrial disclosure.[7/] Such disclosure is supported neither by the Rules of Evidence nor case law and could compromise other areas of investigation still being pursued.

**e. Defendants Are Not Entitled To Addresses Of Government Witnesses**

Defendant requests the name and last known address of each prospective Government witness. While the Government may supply a tentative witness list with its trial memorandum, it objects to providing home addresses. See United States v. Sukumolachan, 610 F.2d 685, 688 (9th Cir. 1980), and United States v. Conder, 423 F.2d 904, 910 (9th Cir. 1970) (addressing defendant's request for the addresses of actual Government witnesses). A request for the home addresses of Government witnesses is tantamount to a request for a witness list and, in a non-capital case, there is no legal requirement that the Government supply defendant with a list of the witnesses it expects to call at trial. United States v. Thompson, 493 F.2d 305, 309 (9th Cir.), cert. denied, 419 U.S. 835 (1974); United States v. Glass, 421 F.2d 832, 833 (9th Cir. 1969).[8/]

---

7/ The Government recognizes that the possibility remains that some of these documents may become discoverable during the course of the trial if they are material to any issue that is raised.

8/ Even in a capital case, the defendant is only entitled to receive a list of witnesses three days prior to commencement of trial. 18 U.S.C. § 3432. See also United States v. Richter, 488 F.2d 170 (9th Cir. 1973)(holding that defendant must make an affirmative showing as to need and reasonableness of such discovery). Likewise, agreements with witnesses need not be turned over prior to the testimony of the witness, United States (continued...)

The Ninth Circuit addressed this issue in United States v. Jones, 612 F.2d 453 (9th Cir. 1979), cert. denied, 445 U.S. 966 (1980). In Jones, the court made it clear that, absent a showing of necessity by the defense, there should be no pretrial disclosure of the identity of Government witnesses. Id. at 455. Several other Ninth Circuit cases have reached the same conclusion. See, e.g., United States v. Armstrong, 621 F.2d 951, 1954 (9th Cir. 1980); United States v. Sukumolachan, 610 F.2d at 687; United States v. Paseur, 501 F.2d 966, 972 (9th Cir. 1974) ("A defendant is not entitled as a matter of right to the name and address of any witness.").

**f. Motion Pursuant To Rule 12(d)**

Defendant is hereby notified that the Government intends to use in its case-in-chief at trial all evidence which Defendant is entitled to discover under Rule 16, subject to any relevant limitations prescribed in Rule 16.

**g. Defendant's Motion For Disclosure Of Oral Statements Made To Non-Government Witnesses Should Be Denied**

Defendants are not entitled to discovery of oral statements made by them to persons who were not - at the time such statements were made - known by the defendants to be Government agents. The plain language of Rule 16 supports this position. Rule 16

---

[8](...continued)
v. Rinn, 586 F.2d 1113 (9th Cir. 1978), and there is no obligation to turn over the criminal records of all witnesses. United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976); United States v. Egger, 509 F.2d 745 (9th Cir.), cert. denied, 423 U.S. 842 (1975); United States v. Cosby, 500 F.2d 405 (9th Cir. 1974).

unambiguously states that defendants are entitled to "written and recorded" statements made by them. The rule limits discovery of oral statements to "that portion of any written record containing the substance of any relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a Government agent," and "the substance of any other relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known by the defendant to be a Government agent if the Government intends to use that statement at trial." The statutory language clearly means that oral statements are discoverable only in very limited circumstances, and then, only when made to a known Government agent.

**h. Personnel Files Of Federal Agents**

Pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), and United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984), the Government agrees to review the personnel files of its federal law enforcement witnesses and to "disclose information favorable to the defense that meets the appropriate standard of materiality . . . ." United States v. Cadet, 727 F.2d at 1467-68. Further, if counsel for the United States is uncertain about the materiality of the information within its possession, the material will be submitted to the court for in-camera inspection and review. In this case, the Government will ask the affected law enforcement agency to conduct the reviews and report their findings to the prosecutor assigned to the case. In United States

v. Jennings, 960 F.2d 1488 (9th Cir. 1992), the Ninth Circuit held that the Assistant U.S. Attorney assigned to the prosecution of the case has no duty to personally review the personnel files of federal law enforcement witnesses. In Jennings, the Ninth Circuit found that the present Department of Justice procedures providing for a review of federal law enforcement witness personnel files by the agency maintaining them is sufficient compliance with Henthorn. Jennings, 960 F.2d at 1492. In this case, the Government will comply with the procedures as set forth in Jennings.

Finally, the Government has no duty to examine the personnel files of state and local officers because they are not within the possession, custody or control of the Federal Government. United States v. Dominguez-Villa, 954 F.2d 562 (9th Cir. 1992).

### i. **Reports Of Witness Interviews**

Defendant has requested the production of all reports generated in connection with witness interviews. To date, the Government does not have any reports regarding witness interviews or otherwise that have not been turned over to Defendant. However, to the extent that such additional reports regarding witness interviews are generated, the information sought by Defendant is not subject to discovery under the Jencks Act, 18 U.S.C., Section 3500. In Jencks v. United States, 353 U.S. 657 (1957), the Supreme Court held that a criminal defendant had a due process right to inspect, for impeachment purposes, statements which had been made to government agents by government witnesses.

Such statements were to be turned over to the defense at the time of cross-examination if their contents related to the subject matter of the witness' direct testimony, and if a demand had been made for specific statements of the witness. Id. at 1013-15. The Jencks Act, 18 U.S.C., Section 3500, was enacted in response to the Jencks decision. As the Supreme Court stated in an early interpretation of the Jencks Act:

> Not only was it strongly feared that disclosure of memoranda containing the investigative agent's interpretations and impressions might reveal the inner workings of the investigative process and thereby injure the national interest, but it was felt to be grossly unfair to allow the defense to use statements to impeach a witness which could not fairly be said to be the witness' own rather than the product of the investigator's selections, interpretations, and interpolations. The committee reports of the Houses and the floor debates clearly manifest the intention to avoid these dangers by restricting the production to those statements defined in the bill.

Palermo v. United States, 360 U.S. 343, 350 (1959). Having examined the legislative history and intent behind enactment of the Jencks Act, the Court concluded, "[t]he purpose of the Act, its fair reading and its overwhelming legislative history compel us to hold that statements of a government witness made to an agent of the government which cannot be produced under the terms of 18 U.S.C. § 3500, cannot be produced at all."

Reports generated in connection with a witness's interview session are only subject to production under the Jencks Act if the witness signed the report, or otherwise adopted or approved the contents of the report. See 18 U.S.C. § 3500(e)(1); see also United States v. Miller, 771 F.2d 1219, 1231-31 (9th Cir. 1985) ("The Jencks Act is, by its terms, applicable only to writings

which are signed or adopted by a witness and to accounts which are substantially verbatim recitals of a witnesses' oral statements."); United States v. Friedman, 593 F.2d 109, 120 (9th Cir. 1979) (an interview report that contains a summary of a witness' statements is not subject to discovery under the Jencks Act); United States v. Augenblick, 393 U.S. 248, 354-44 (1969) (rough notes of witness interview not a "statement" covering entire interview). Indeed, "both the history of the [Jencks Act] and the decisions interpreting it have stressed that for production to be required, the material should not only reflect the witness' own words, but should also be in the nature of a complete recital that eliminates the possibility of portions being selected out of context." United States v. Bobadilla-Lopez, 954 F.2d 519, 522 (9th Cir. 1992). As recognized by the Supreme Court, "the [Jencks Act] was designed to eliminate the danger of distortion and misrepresentation inherent in a report which merely selects portions, albeit accurately, from a lengthy oral recital." Id. The defendants should not be allowed access to reports which they cannot properly use to cross-examine the Government's witnesses.

**j. Expert Witnesses**

The Government will disclose to Defendant the name, qualifications, and a written summary of testimony of any expert the Government intends to use during its case-in-chief at trial pursuant to Fed. R. Evid. 702, 703, or 705 three weeks prior to the scheduled trial date.

**l. Other Discovery Requests**

To the extent that the above does not answer all of Defendant's discovery requests, the Government opposes the motions on the grounds that there is no authority requiring us to provide such material.

**IV**

**CONCLUSION**

For the foregoing reasons, the Government requests that Defendant's motions be denied where indicated.

DATED: August 18, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/ Peter J. Mazza
PETER J. MAZZA
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. GERARDO SALTO-ROCHA (1), Defendant. | Case No. 08CR2430-BTM<br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, PETER J. MAZZA, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of a Response to Defendant's Motion for Discovery on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. KAREN STEVENS, Esq.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 22, 2008.

s/ Peter J. Mazza
PETER J. MAZZA